CJF6.25.19
JTW/LNE: USAO 2018R00584

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | *<br>* |
| v. | *    CRIMINAL NO. |
| | * |
|  | *    **(Conspiracy to Distribute and Possess** |
| | *    **with the Intent to Distribute** |
| | *    **Controlled Substances, 21 U.S.C. §** |
| **BRIAN BLACKSTON,** | *    **846; Possession with the Intent to** |

**BRIAN BLACKSTON,**
   a/k/a "SO BIG,"
**KEIZYE COLLINS,**

**DEREK CROSBY,**
   a/k/a "MICE,"
**EGAN DAVIS,**
**GEORGE DRUMMOND,**



**CHARLTON MORRIS,**
   a/k/a "DARTIN,"

**RICARDO SIMON,**
**TONY SOLOMON,**

**WINDEER WASHINGTON,**

**MALIK WILLIAMS,**
   a/k/a "FREAKY,"

**DELSHAWN HARVEY,**
   a/k/a "DELL,"

*
*
*    **(Conspiracy to Distribute and Possess**
*
*    **with the Intent to Distribute**
*    **Controlled Substances, 21 U.S.C. §**
*    **846; Possession with the Intent to**
*    **Distribute Controlled Substances, 21**
*    **U.S.C. § 841(a)(1); Possession of a**
*    **Firearm in Furtherance of a Drug**
*    **Trafficking Crime, 18 U.S.C. § 924 (c);**
*    **Possession of a Firearm and**
*    **Ammunition by a Convicted Felon, 18**
*    **U.S.C. § 922(g); Money Laundering, 18**
*    **U.S.C. § 1956, Aiding & Abetting, 18**
*    **U.S.C. § 2; Forfeiture, 21 U.S.C. § 853,**
*    **18 U.S.C. § 924(d), and 28 U.S.C.**
*    **§ 2461(c))**
*
*
*
*    **UNDER SEAL**
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

**ANDRE LEMON,**
    **a/k/a "DRE,"**
**WARDELL ROUNDHEART,**



       \*
       \*
       \*
       \*
       \*
       \*
       \*

       **Defendants.**

*******

## SUPERSEDING INDICTMENT

## COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

From in or about July 2018 and continuing until on or about the date of this Superseding

Indictment, in the District of Maryland and elsewhere, the defendants,



**BRIAN BLACKSTON,**
**a/k/a "SO BIG,"**
**KEIZYE COLLINS,**

**DEREK CROSBY,**
**A/K/A "MICE,"**
**EGAN DAVIS,**
**GEORGE DRUMMOND,**

**CHARLTON MORRIS,**
**a/k/a "DARTIN,"**

2



**RICARDO SIMON,**
**TONY SOLOMON,**

**WINDEER WASHINGTON,**

**MALIK WILLIAMS,**
**a/k/a "FREAKY,"**

**DELSHAWN HARVEY,**
**a/k/a "DELL,"**
**ANDRE LEMON,**
**a/k/a "DRE,"**
**WARDELL ROUNDHEART,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, five kilograms or more of a and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

3

## MANNER AND MEANS OF THE CONSPIRACY

1.     Among the manner and means by which the defendants and others conducted and participated in the conspiracy were the following:

2.     ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████

3.     Members of conspiracy distributed heroin, fentanyl, cocaine, and crack cocaine to customers.

4.     Members of the conspiracy conducted narcotics sales on a daily basis, operating in rotating shifts to ensure continuous distribution.

5.     Members of the conspiracy sold bulk quantities of narcotics to other drug traffickers who, in turn, redistributed the narcotics in and around Baltimore.

6.     Members of the conspiracy adulterated heroin and cocaine base to maximize their profits, cutting the drugs with other substances.

7.     Members of the conspiracy used residences in and around Baltimore, Maryland to process, cut, repackage, and prepare heroin and cocaine base for distribution.

8.     Members of the conspiracy frequently changed cell phones to prevent the interception of drug-trafficking communications by law enforcement.

9.     Members of the conspiracy possessed firearms in furtherance of their drug trafficking activities, including this conspiracy.

21 U.S.C. § 846

4

## COUNT TWO
### (Possession with Intent to Distribute Cocaine, Heroin and Fentanyl)



21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm in Furtherance of Drug Trafficking)



18 U.S.C. § 924(c)
18 U.S.C. § 2

6

## COUNT FOUR
**(Possession with Intent to Distribute Heroin and Fentanyl)**

The Grand Jury for the District of Maryland further charges that:

On or about August 3, 2018, in the District of Maryland, the defendant,

### KEIZYE COLLINS,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT FIVE
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,



**TONY SOLOMON,**

did knowingly possess a firearm, to wit, a Glock 23, .40 S&W caliber pistol semi-automatic,

bearing serial number PVK637, in furtherance of a drug trafficking crime for which they may be

prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent

to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as

alleged in Count One of this Superseding Indictment, which is incorporated herein by reference.


18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT SIX
### (Possession of Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

**TONY SOLOMON,**

possessed a firearm and ammunition in and affecting commerce, to wit:, a loaded Glock 23, .40

caliber semi-automatic pistol, bearing serial number PVK637, and ammunition, having previously

been convicted of a felony, and did so knowingly.

18 U.S.C. § 922(g)(1)

9

## COUNT SEVEN
**(Possession of Firearm by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about June 21, 2019, in the District of Maryland, the defendant,

### DERREK CROSBY,

possessed a firearm in and affecting commerce, to wit:, a .40 caliber Smith and Wesson, semi-automatic pistol, bearing serial number FWN8660, having previously been convicted of a felony, and did so knowingly.

18 U.S.C. § 922(g)(1)

10

## COUNT EIGHT
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about January 17, 2019, in the District of Maryland, the defendants,

### EGAN DAVIS, AND
### DELSHAWN HARVEY,
### a/k/a "DELL,"

did knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture

or substance containing detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 2

11

## COUNT NINE
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about January 29, 2019, in the District of Maryland, the defendant,

### EGAN DAVIS,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or

substance containing detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

12

## COUNT TEN
### (Possession with Intent to Distribute Heroin and Fentanyl)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

### GEORGE DRUMMOND, and
### TONY SOLOMON,

did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture

or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a

quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled

substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 2

13

## COUNT ELEVEN
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

**GEORGE DRUMMOND, and
TONY SOLOMON,**

did knowingly possess a firearm, to wit, a Glock 37, .45 caliber semi-automatic pistol, serial number GAF795 in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Superseding Indictment, which is incorporated herein by reference.


18 U.S.C. § 924(c)
18 U.S.C. § 2

14

## COUNT TWELVE
### (Possession of Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

### GEORGE DRUMMOND, and
### TONY SOLOMON,

possessed a firearm and ammunition in and affecting commerce, to wit: a loaded a Glock 37, .45 caliber semi-automatic pistol, serial number GAF795, and ammunition, having previously been convicted of a felony, and did so knowingly.

18 U.S.C. § 922(g)(1)

15

## COUNT THIRTEEN
### (Possession with Intent to Distribute Cocaine and Heroin)

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

16

## COUNT FOURTEEN
### (Possession with Intent to Distribute Fentanyl)

The Grand Jury for the District of Maryland further charges that:

On or about August 23, 2018, in the District of Maryland, the defendant,

### CHARLTON MORRIS,
### a/k/a "DARTIN,"

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT FIFTEEN
### (Possession with Intent to Distribute Cocaine)

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT SIXTEEN
**(Possession with Intent to Distribute Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about January 2, 2019, in the District of Maryland, the defendant,

### WINDEER WASHINGTON,

did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 2

19

## COUNT SEVENTEEN
### (Possession with Intent to Distribute Cocaine)

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT EIGHTEEN
### (Possession with Intent to Distribute Fentanyl)

The Grand Jury for the District of Maryland further charges that:

On or about October 30, 2018, in the District of Maryland, the defendant,

### MALIK WILLIAMS,
### a/k/a "FREAKY,"

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT NINETEEN
**(Possession with Intent to Distribute Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about May 22, 2019, in the District of Maryland, the defendant,

## DELSHAWN HARVEY
### a/k/a "DELL,"

did knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture

or substance containing detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 2

22

## COUNT TWENTY
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about May 22, 2019, in the District of Maryland, the defendant,

### DELSHAWN HARVEY
### a/k/a "DELL,"

did knowingly possess a firearm, to wit, a Taurus, PT140 Millennium G2, .40 S&W semi-automatic pistol, serial number SGX93641 in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT TWENTY-ONE
### (Possession of Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 22, 2019, in the District of Maryland, the defendant,

## DELSHAWN HARVEY
### a/k/a "DELL,"

possessed a firearm and ammunition in and affecting commerce, to wit: a Taurus, PT140 Millennium G2, .40 S&W semi-automatic pistol, serial number SGX93641, and ammunition, having previously been convicted of a felony, and did so knowingly.

18 U.S.C. § 922(g)(1)

24

## COUNT TWENTY-TWO
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about May 22, 2019, in the District of Maryland, the defendant,

### ANDRE LEMON,
### a/k/a "DRE,"

did knowingly possess a firearm, to wit: a Taurus "the Judge," .45 caliber revolver fully loaded

with 5 rounds of ammunition, serial number GX845592, in furtherance of a drug trafficking crime

for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and

possess with intent to distribute controlled substances, in violation of Title 21, United States Code,

Section 846, as alleged in Count One of this Superseding Indictment, which is incorporated herein

by reference.


18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT TWENTY-THREE
### (Possession of Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 22, 2019, in the District of Maryland, the defendant,

### ANDRE LEMON,
### a/k/a "DRE,"

possessed a firearm and ammunition in and affecting commerce, to wit: a Taurus "the Judge," .45

caliber revolver fully loaded with five rounds of ammunition, serial number GX845592, having

previously been convicted of a felony, and did so knowingly.

18 U.S.C. § 922(g)(1)

26

## COUNT TWENTY-FOUR
### (Possession with Intent to Distribute Fentanyl and Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about February 22, 2019, in the District of Maryland, the defendant,

### WARDELL ROUNDHEART

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a quantity of a mixture or substance containing detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT TWENTY-FIVE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

18 U.S.C. § 924(c)
18 U.S.C. § 2

28

## COUNT TWENTY-SIX
**(Possession of Firearm and Ammunition by a Prohibited Person)**



18 U.S.C. § 922(g)(1)

29

## COUNT TWENTY-SEVEN
### (Possession with Intent to Distribute Fentanyl)



21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
18 U.S.C. § 2

## COUNT TWENTY-EIGHT
### (Possession of a Firearm in Furtherance of Drug Trafficking)



18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT TWENTY-NINE
### (Possession of Firearm and Ammunition by a Prohibited Person)



18 U.S.C. § 922(g)(1)

### COUNT THIRTY
#### (Money Laundering)



18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2

33

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### **Narcotics Forfeiture**

2.     As a result of the offenses set forth in Counts One, Two, Four, Eight, Nine, Ten, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty- Four and Twenty-Seven incorporated here, the defendants shall forfeit:

> a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and
>
> b.  any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3.     The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearms Forfeiture

4.      As a result of the offenses set forth in Counts Six, Seven, Twelve, Twenty-One, Twenty-Three, Twenty-Six, and Twenty-Nine incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

### Money Laundering Forfeiture

5.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense alleged in Count Thirty, the Defendant:



shall forfeit to the United States of America, all property real or personal, involved in such offense, and all property traceable to such property he obtained.

6.      The property to be forfeited includes, but is not limited to, the following:

a.      a sum of money equal to the value of any property involved in the money laundering offense for which each Defendant is convicted;

b.      all property constituting the subject matter of the money laundering offense for which each Defendant has been convicted; and,

c.      all property used to commit or facilitate the commission of the money laundering offense for which each Defendant has been convicted.

### Substitute Assets

7.      Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendants:

      d.      cannot be located upon the exercise of due diligence;

      e.      has been transferred or sold to, or deposited with, a third person;

      f.      has been placed beyond the jurisdiction of the Court;

      g.      has been substantially diminished in value; or

      h.      has been comingled with other property which cannot be subdivided without

            difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendants up

to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
18 U.S.C. § 982(a)(1)
28 U.S.C. § 2461(c)

                              ROBERT K. HUR
                              United States Attorney

A TRUE BILL:

_____    _____

Foreperson                Date