IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 19-cr-00286-ELH-21** |
| **v.** | * | |
| | * | |
| | * | |
| **DELSHAWN HARVEY** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

************

<u>MEMORANDUM OPINION AND ORDER OF COURT</u>

This matter is before the Court on the defendant's Motion for Compassionate Release (the "Motion") (ECF No. 563) and the government's Response in Opposition to Defendant's Motion for Reconsideration of Detention Order (the "Opposition") (ECF No. 572). The issues have been fully briefed, and no hearing is necessary.  L.R. 105.6, 207.  For the reasons stated below, the Motion is **DENIED.**

<u>I. PROCEDURAL HISTORY</u>

On June 25, 2019, a federal grand jury returned a superseding indictment charging the defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; two counts of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c); and Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).   An initial appearance was conducted on July 1, 2019, after which the defendant was temporarily detained.  On July 3, 2019, the defendant appeared before United States Magistrate Judge Stephanie A. Gallagher for a

detention hearing.  At the conclusion of the detention hearing, Judge Gallagher ordered that the defendant be detained pending further proceedings.  *See* Order of Detention (ECF No. 180).  On August 13, 2019, the defendant filed a Motion for Appeal/Review of Order of Detention (ECF No. 275).  On September 20, 2019, United States District Judge Ellen L. Hollander conducted a hearing on the defendant's motion.  Judge Hollander upheld Judge Gallagher's prior order detaining the defendant.  On July 1, 2020, the defendant filed the present Motion for Compassionate Release.  The government filed the Opposition on July 6, 2020.  One week later, on July 13, 2020, the government filed a superseding information (ECF No. 587).  On July 21, 2020, the defendant entered a plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 842(a)(1), Counts 1 and 2 of the superseding information, respectively.  Sentencing is presently scheduled for September 24, 2020.

## II.  18 U.S.C. § 3143

The release or detention of a defendant pending sentencing is governed by 18 U.S.C § 3143(a), which provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(1) and (2).

The defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 846. The maximum sentence for that offense is life imprisonment. *See* 21 U.S.C. §§ 841(b), 846. Thus, he has been found guilty of an offense described in subparagraph (B) of subsection (f)(1) of § 3142. Further, because the defendant pled guilty to that offense, the Court does not find that there is a substantial likelihood that a motion of acquittal or new trial will be granted. Finally, an attorney for the Government has not recommended that no sentence of imprisonment be imposed. Therefore, 18 U.S.C. § 3143(a) mandates that the defendant be detained pending sentencing.

## III.  BAIL REFORM ACT

Notwithstanding that detention is mandated by 18 U.S.C. § 3143(a), in light of the fact that the defendant's request for release is based on COVID-19 concerns, the Court will also consider whether release would be appropriate under the Bail Reform Act ("BRA"). 18 U.S.C. §§ 3141 *et seq.* The BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including--

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

IV.  REOPENING THE DETENTION HEARING

As noted previously, on July 3, 2019, the defendant appeared before United States Magistrate Judge Stephanie A. Gallagher for a detention hearing.  At the conclusion of the detention hearing, Judge Gallagher ordered that the defendant be detained pending further proceedings.  That determination was upheld by United States District Judge Ellen L. Hollander on appeal.  At the present time the defendant is detained at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland.  Under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

As grounds for his request for release, the defendant asserts that he "currently suffers from sleep apnea for which he is dependent upon a CPAP machine and also suffers from asthma. Consequently, he is particularly susceptible to the ravages of COVID-19."  Motion (ECF No. 563 at 1).  The defendant does not assert that he has contracted COVID-19 while at CDF or that he has been exposed to anyone who has tested positive for the virus.  He does not claim that he has not received adequate medical care while housed at CDF.

COVID-19 is a worldwide pandemic that has had a profound impact on the health and daily life of millions of people.  According to the Centers for Disease Control and Prevention (the "CDC"), as of July 27, 2020, there were 4,225,687 COVID-19-positive cases in the United States and 146,546 deaths related to the virus.[1]  COVID-19 poses special risks for the elderly and those with certain preexisting medical conditions.  Prisons, jails, and detention centers are

---

[1]  *CDC COVID Data Tracker*, Ctrs. for Disease Control & Prevention (July 27, 2020), https://www.cdc.gov/covid-data-tracker/.

especially vulnerable to outbreaks of COVID-19. *See Coreas v. Bounds*, __ F. Supp. 3d __, Civil Action No. TDC-20-0780, 2020 WL 1663133, at *1-2 (D. Md. Apr. 3, 2020).

At the outset, the Court finds that the unprecedented magnitude of the COVID-19 pandemic and the heightened risk of exposure to residents of detention facilities constitute information not known to the defendant at the time of the detention hearing that has a material bearing on whether conditions of release can be fashioned to assure the appearance of the defendant as required and the safety of the community. *See, e.g.*, *United States v. Bilbrough*, Criminal Case No. TDC-20-0033, Order at 4 (D. Md. Mar. 20, 2020), *aff'd*, __ F. Supp. 3d __, 2020 WL 1694362 (D. Md. Apr. 7, 2020); *United States v. Martin*, __ F. Supp. 3d __, Criminal Case No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020). Therefore, the Court would find that the defendant has established a satisfactory basis to reopen the detention hearing.

Considering that the defendant's basis for reopening the detention hearing concerns new information regarding the impact that COVID-19 may have on his health, the Court finds the following comments by United States District Judge Stephanie A. Gallagher in a recent case particularly instructive:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial. *See generally* 18 U.S.C. § 3142(g). None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being. Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other individuals. In some circumstances, clearly, a particular defendant's medical condition could reduce that defendant's risk of flight or danger to the community, and the health condition would therefore fall within the factors appropriately considered in the context of § 3142(g). Absent those circumstances, however, a particular defendant's health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis. *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis,

6

which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community. The risk of harm *to the defendant* does not usually bear on this analysis."); *United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April 27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL 1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i)); *United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community."); *United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020) ("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's release would bring about (however significant) or the harms that his incarceration would cause (however substantial). Rather, the statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*."") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May 22, 2020) (alteration in original).

The defendant does not challenge the prior findings and conclusions of Judges Gallagher and Hollander, and the Court adopts and incorporates them here. Rather, he argues that the health conditions from which he suffers require that he be released for his own physical safety and well-being. This is not a case, however, where the risk of flight or danger to the community is reduced because of advanced age, physical disability, or serious incapacitating illness. Simply stated, sleep apnea and asthma are conditions that have no bearing on risk of flight or danger to the community. As such, the defendant's preexisting health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis. As will be discussed below, however, the defendant's preexisting health conditions are relevant in assessing whether the defendant should be released temporarily under 18 U.S.C. § 3142(i).

## V. TEMPORARY RELEASE UNDER § 3142(i)

The Court will also consider whether temporary release under 18 U.S.C. § 3142(i) would be appropriate. Under 18 U.S.C. § 3142(i), the Court "may, by subsequent order, permit the

temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[2]

To determine whether the defendant has established "another compelling reason" for temporary release in the midst of the COVID-19 pandemic, the Fourth Circuit has directed the Court to

> consider in the first instance the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251, Order at 1 (4th Cir. Apr. 15, 2020).

In the context of COVID-19, four factors are to be considered in determining whether a compelling reason permitting temporary release under 18 U.S.C. § 3142(i) has been established: (1) the original grounds for detention; (2) the specificity of a defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is designed to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that a defendant's release would increase the COVID-19 risks to others. *United States v. Green*, No. 1:19-cr-00539-CCB-1, 2020 WL 1873967, at *3 (D. Md. Apr. 15, 2020) (citing *Clark*, 2020 WL 1446895, at *3). The defendant has the burden to show that circumstances warranting temporary release under § 3142(i) exist. *United States v. Sanders*, __ F. Supp. 3d __, No. 19-20037-01-DDC, 2020 WL 1528621, at *3 (D. Kan. Mar. 31, 2020). "The question for the Court is whether the COVID-19 health risks to the Defendant, should he remain detained, outweigh those traditional Section

---

[2] The defendant has not argued that release, temporary or otherwise, is necessary for the preparation of his defense.

3142(g) factors *and* the COVID-19 health risk to the community that Defendant's release could occasion." *United States v. Hernandez*, No. PX-19-158-9, slip op. at 5-6 (D. Md. Apr. 29, 2020).

As discussed previously, the defendant does not challenge the prior findings of Judges Gallagher and Hollander in support of detention, and the Court adopts and incorporates them herein. Regarding the second factor, the defendant asserts that his sleep apnea and asthma make him "particularly susceptible to the ravages of COVID-19." The defendant has not, however, provided any medical evidence describing his precise medical conditions, treatment history, or any authority relied upon regarding how those conditions increase the risk of COVID-19 complications. He has not provided any evidence that CDF has inadequate screening, testing, quarantining, and treatment protocols for the COVID-19 virus. He has not provided any details on how the defendant's particular situation within CDF puts him at increased risk and/or subjects him to inadequate protocols for screening, testing, quarantining, and treatment. Therefore, the Court finds that the defendant has not stated his COVID-19 concerns with a sufficient degree of specificity.

Finally, regarding the final two *Clark* factors, the defendant proposes that arrangements can be made to find an appropriate third-party custodian should the Court determine that release is appropriate. Without more specific information, however, the Court cannot properly evaluate the final two *Clark* factors. For example, the Court would require information regarding the extent to which the proposed release plan is designed to mitigate or exacerbate other COVID-19 risks to the defendant or the likelihood that the defendant's release would increase the COVID-19 risks to others. The Court would need to know how the defendant would get from the Baltimore Courthouse to his proposed residence. The Court would need to know the names, ages, relationship to the defendant, any COVID-19 relevant health conditions, criminal history,

and employer (including type of work and typical hours outside of the residence) of persons residing in the defendant's residence.  Finally, the Court would need information regarding the availability of appropriate space within the residence for quarantine of the defendant upon release (or should he subsequently become symptomatic or test positive for COVID-19) and a plan for providing medical care to the defendant, if needed.

For these reasons, when balanced against the § 3142(g) factors, the Court does not find that the defendant has established a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

VI.  CONCLUSION

Detention is mandated in this case pursuant to 18 U.S.C. § 3143(a) because the defendant has pled guilty to an offense for which the maximum sentence is life imprisonment, and the government is not recommending that no sentence of imprisonment be imposed.  Even if this case were in a pretrial posture, however, the Court would find that, notwithstanding the defendant's health conditions, detention is appropriate under 18 U.S.C. § 3142(e) and that the defendant has not established a compelling reason for release under 18 U.S.C. § 3142(i).

**ORDER**

Accordingly, it is this 28th day of July 2020, hereby **ORDERED** that the defendant's Motion for Compassionate Release is **DENIED**.


Date: July 28, 2020                                   _____/s/_____
                                                      Thomas M. DiGirolamo
                                                      United States Magistrate Judge